UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Case No. 13-cr-20396
        HON. GERSHWIN A. DRAIN

TROY TUTT,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S *EX PARTE* MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM TO OBTAIN THE PERSONNEL FILES AND INTERNAL DISCIPLINARY RECORDS OF DEARBORN POLICE OFFICERS TIMOTHY MCHALE AND SERGIO POPESCU AND DENYING DEFENDANT'S *EX PARTE* MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM TO OBTAIN THE COMPUTER RECORDS OF DEARBORN POLICE OFFICER TIMOTHY MCHALE**

**I.    INTRODUCTION**

Presently before the Court are the following motions: (1) Defendant's *Ex Parte* Motion for Issuance of Subpoena Duces Tecum to Obtain Personnel Files and Internal Disciplinary Records of Dearborn Police Officers Timothy McHale and Sergio Popescu, filed on September 5, 2013, and (2) Defendant's *Ex Parte* Motion for Issuance of Subpoena Duces Tecum to Obtain the Computer Records of Dearborn Police Officer Timothy McHale, also filed on September 5, 2013.[1]

---

[1] The Court notes that the present motions were brought to the Court's attention in an improper manner. Defendant's counsel should have moved to file the present motions under seal, rather than deliver copies of the motions to the Court. Thus, technically the present motions are not properly before this Court.

Defendant Tutt was charged in a one-count indictment alleging violation of 18 U.S.C. § 922(g)(1); felon in possession of a firearm. Defendant's present motions seeks an order permitting the issuance of two third-party subpoenas duces tecum at government expense pursuant to Federal Rules of Criminal Procedure 17(b) and 17(c). Through the subpoenas duces tecum, Defendant seeks pretrial production of the personnel records and interdisciplinary records of Dearborn police officers McHale and Popescu, as well as the name of the reporting software used by the City of Dearborn and all access logs generated by McHale in connection with Dearborn Police Report #130023336.

## II.   FACTUAL BACKGROUND

On May 11, 2013, Dearborn Police Officers, while on patrol at the Fairlane Mall in Dearborn, Michigan queried the license plate of a Chevrolet Traverse. The query revealed that the vehicle was stolen on April 26, 2013. When four individuals approached and entered the vehicle, officers, including McHale and Popescu, converged upon the Traverse. Popescu claims to have witnessed Defendant "bending over in attempt to conceal an unknown object beneath his seat." Defendant was allegedly seated in the rear seat behind the driver. Popescu claims he retrieved a firearm from underneath the seat. Defendant disputes that he was sitting in the same seat where the officers claim the firearm was located. Once Defendant was arrested and transported to the Dearborn Police station, he was placed in a booking cell. McHale claims he overheard Defendant making incriminating statements to another detainee in his cell. Defendant also disputes that he made any incriminating statements.

Defendant's counsel has requested *Brady* and *Giglio* material concerning the officers involved in Defendant's arrest, including any relevant impeaching information from the officers'

personnel files. However, counsel has yet to receive any of the requested information. Counsel argues that while investigating the present matter, it was discovered that McHale was named in a § 1983 lawsuit, *Pryor v. Dearborn Police Department*, case number 05-cv-40184. McHale and other fellow police officers apparently had conflicting versions of what occurred. Popescu has also been named in a lawsuit alleging excessive force, *Alderwish v. Popescu*, case number 10-cv-14409.

Defendant argues that the credibility of McHale and Popescu will be pivotal to the outcome of this case. Thus, counsel requests the Court order a subpoena for the personnel files and disciplinary records of McHale and Popescu. Counsel seeks to obtain this information in advance of trial to allow for adequate preparation. Defendant also seeks the production of the name of the reporting software used by McHale, as well as any log reports, network logs and audit trials that were generated in connection with Dearborn police report #130023336. Defendant's counsel believes the requested evidence will contradict McHale's police report and intends to use this information to impeach McHale's credibility.

### III.   LAW & ANALYSIS

Federal Rule of Criminal Procedure 17(b) permits the Court to issue a subpoena to a trial witness at the government's expense if the defendant is indigent and the witness is necessary for an adequate defense. *See* Fed. R. Crim. P. 17(b). Specifically, Rule 17(b) states:

> **(b)   Defendant Unable to Pay.**  Upon a defendant's ex parte application, the court must order that a subpoena be issued for a named witness if the defendant shows an inability to pay the witness's fees and the necessity of the witness's presence for an adequate defense. If the court orders a subpoena to be issued, the process costs and witness fees will be paid in the same manner as those paid for witnesses the government subpoenas.

Rule 17(c) authorizes a party to issue a subpoena duces tecum to direct a witness to produce

documents in court prior to trial for inspection by the parties and their attorneys. *See* Fed. R. Crim. P. 17(c). Rule 17(c) is "not intended to provide a means of discovery for criminal cases[,]" rather "its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698-99 (1974). Rule 17(c)(1) states:

> **(1)** **In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

A party seeking to obtain pretrial document production by means of a subpoena duces tecum must show that the information sought is relevant, admissible and specific. *See Nixon*, 418 U.S. at 700.

Further, "production pursuant to Rule 17(c) is appropriate where it is shown that: (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable, with due diligence, in advance of trial; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial; and (4) the application was made in good faith and is not a fishing expedition." *United States v. Hughes*, 895 F.2d 1135, 1146 (6th Cir. 1990). However, "the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Id.* (citing *Nixon*, 418 U.S. at 701).

While Rule 17(b) permits an *ex parte* motion by a defendant unable to pay, there is no similar provision in Rule 17(c) permitting an *ex parte* application for pre-trial production by a defendant. Defendant's counsel omits reference to the fact that there is a disagreement among courts as to whether Rule 17(c) subpoenas may issue *ex parte*, with some courts holding that a motion pursuant to Rule 17(c) may not be made *ex parte*, *see* United States v. Peterson, 196 F.R.D. 361, 361-62 (D.S.D. 2000); *United States v. Stewart*, No. 96-583, 1997 U.S. Dist. LEXIS 2444, at *5 (E.D. Pa.

-4-

Mar. 4, 1997); *United States v. Finn*, 919 F. Supp. 1305, 1330 (D. Minn. 1995), while other courts have held that an *ex parte* application for a subpoena duces tecum may be made in limited circumstances, *see United States v. Fox*, 276 F. Supp. 2d 996 (D. Neb. 2003).

Here, the Court concludes that when Rule 17(c) is used to obtain documentary evidence in advance of trial, the application should be reviewable by all parties to the proceeding. *See Finn*, 919 F. Supp. at 1329-30. Without a response from the Government, the Court will have difficulty assessing whether Defendant has made the requisite showing under *Nixon* for the production of the requested evidence. Rule 17(c) is not intended to provide a means of discovery and the Court is concerned that Defendant is improperly using Rule 17(c) to obtain discovery beyond that permitted by Rule 16 of the Federal Rules of Criminal Procedure. Defendant fails to provide this Court with any controlling authority finding that a defendant may move *ex parte* under Rule 17(c) to obtain documentary evidence. The Court further finds the reasoning set forth in *United States v. Hart*, 826 F.Supp. 380, 381 (1993), to be sound, specifically the court held:

> The scheme of rule 17 supports the view that Congress intended to distinguish between pretrial subpoenas duces tecum and trial subpoenas *ad testificandum*, at least insofar as *ex parte* procedures are concerned. *See United States v. Urlacher*, 136 F.R.D. 550, 555 (W.D.N.Y. 1991) ('The explicit provision of a motion to quash or modify in Rule 17(c), and the 'innovative,' albeit 'subsidiary,' provision clearly suggests, if not compels, a conclusion that litigation concerning issuance of and compliance with subpoenas duces tecum be conducted upon notice, and not in secret.'[]) According to the plain language of rule 17(b), the *ex parte* procedure is available only (1) to indigent defendants and (2) for the production of witnesses at trial[.]
> In addition, defendant does not cite any authority which suggests that the *ex parte* procedure is available for the production of documents. On the contrary, the mechanism for obtaining documents, rule 17(c), negates any assumption that production should be on an *ex parte* basis. The plain language of rule 17(c) could not be clearer. Where a defendant seeks the production of documents prior to trial, the court may permit these documents 'to be inspected by the parties and their attorneys.' There can be no right to an *ex parte* procurement of subpoenaed documents pretrial if the court has discretion to supervise their production by permitting both parties to inspect them prior to trial. *Urlacher*, 136 F.R.D. at 555.

*Id*. Accordingly, the Court will deny Defendant's *ex parte* motions without prejudice, and allow Defendant to re-file the instant motions on CM/ECF so that the Government receives the notice to which it is entitled.

## IV. CONCLUSION

For the foregoing reasons, Defendant's *Ex Parte* Motion for Issuance of Subpoena Duces Tecum to Obtain Personnel Files and Internal Disciplinary Records of Dearborn Police Officers Timothy McHale and Sergio Popescu is DENIED WITHOUT PREJUDICE. Defendant's *Ex Parte* Motion for Issuance of Subpoena Duces Tecum to Obtain the Computer Records of Dearborn Police Officer Timothy McHale is DENIED WITHOUT PREJUDICE. Defendant shall re-file his motions via CM/ECF by September 10, 2013 so that the Government has an opportunity to respond to Defendant's arguments.

SO ORDERED.

Dated: September 9, 2013 /s/Gerswhin A Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE