UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                Case No. 13-cr-20396
                                Honorable Gershwin A. Drain

v.


TROY TUTT,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE* TO ADMIT OUT-OF-
COURT STATEMENTS [#22], GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND UNFAIRLY
PREJUDICIAL EVIDENCE [#23] AND GRANTING DEFENDANT'S MOTION *IN
LIMINE* TO EXCLUDE EVIDENCE AND JURY INSTRUCTIONS REGARDING
FLIGHT [#33]**

**I.      INTRODUCTION**

      Defendant, Troy Tutt, is charged in a one count Indictment alleging Felon in Possession of

a Firearm in violation of 18 U.S.C. § 922(g).  Trial in this matter is scheduled to commence on

November 18, 2013.  Presently before the Court are the following motions: (1)  Defendant's Motion

*in Limine* to Admit Out-of-Court Statements Made by Dearborn Police Officers, filed on October

28, 2013; (2) Defendant's Motion *in Limine* to Exclude Irrelevant and Unfairly Prejudicial Evidence

from Trial, filed on October 29, 2013; and (3) Defendant's Motion *in Limine* to Exclude Purported

Evidence and Jury Instructions Regarding Flight and Improper Character Evidence, filed on

November 5, 2013.

## II.      FACTUAL BACKGROUND

The Indictment arises from Defendant's arrest on May 11, 2013, at the Fairlane Mall in Dearborn, Michigan. The officers who participated in Defendant's arrest include Timothy McHale, Andrew Ballard, William Anhut, Ahmed Alkubani, Sergio Popescu, and Dave Finazzo. On that day, the officers were investigating the theft of a Chevrolet Traverse from Eastpointe, Michigan when McHale located the vehicle in the mall's parking lot. When four individuals approached the car, McHale ordered assistance from the other officers. The officers converged upon the vehicle and arrested the occupants. During the course of the arrest, the officers made numerous statements, which Defendant seeks to admit at trial.

## III.      LAW & ANALYSIS

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Rule 403 allows the admission of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. Unfair prejudice results when a piece of evidence "has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citing Committee's Notes on Fed. R. Evid. 403, 28 U.S.C. App., p. 860).

Hearsay is inadmissible unless the statements fall within a recognized exception to the hearsay rules. *See* Fed. R. Evid. 802. Hearsay is defined as a statement that "the declarant does not make while testifying at the current trial or hearing" and the statement is offered "in evidence

-2-

to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

The only hearsay exception pertinent to the present matter is the "present sense impression" exception set forth in Rule 803(1) of the Federal Rules of Evidence. A "present sense impression" is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1); *see also United States v. Davis*, 577 F.3d 660, 668 (6th Cir. 2009) (concluding that the district court properly admitted statements made in a 911 call, which were made "immediately after witnessing the described event[,]" therefore the statements fell within the present sense impression exception); *see also United States v. Allen,* Nos. 88-5581, 88-97, 872 F.2d 1029 (6th Cir. Mar. 30, 1989) (finding that the district court correctly permitted an officer to testify about another officer's statements broadcast through a transmitter to other officers based on the present sense impression exception to the hearsay rule).

Further, Rule 404(b) prohibits the use of improper character evidence:

**(b) Crimes, Wrongs, or Other Acts.**
 **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Fed. R. Evid. 404(b)(1). However, this type of evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). There is a three-part test this Court must conduct in order to determine whether evidence of other acts is admissible under Rule 404(b). *See United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003). This Court must first "decide whether there is sufficient evidence that the other act in question actually occurred." *Id*. If sufficient evidence exists, then this Court "must decide whether the evidence of the other act is probative of a material issue other than character." *Id.* If the evidence is probative of a material issue other than

character, the Court must determine "whether the probative value of the evidence is substantially

outweighed by its potential prejudicial effect." *Id.*

In light of the above evidentiary rules, the Court now turns to the Defendant's present

motions.

### A. Defendant's Motion *in Limine* to Admit Out-of-Court Statements Made by Dearborn Police Officers Pursuant to the Present Sense Impression and Excited Utterance Exceptions to the Hearsay Rule

Defendant argues that the statements made by the Dearborn police officers are properly

admitted under the present sense impression exception to the hearsay rule.  These statements

include:

Conversation No.  1
OPERATOR: 2:52 p.m. 56 seconds, May 11,
MALE OFFICER: Hey, can I get a description of him, maybe?
MALE OFFICER: (Inaudible).
MALE OFFICER: All right, this ride's loading up, two–two young 04 males,
stand–stand by, Wally, white shirt and red shirt.  All right.  All right, roll in, Wally,
now, pull towards close.

Conversation No.  2
MALE OFFICER: Everyone in custody?
MALE OFFICER: Yep, we got two in custody double-check the car, see – there's
one more, there should be three total.
MALE OFFICER: We got four.
MALE OFFICER: Four?

Conversation No.  3
MALE OFFICER: I just want to make sure we got everybody where they were in the
car.  (Inaudible conversation).
MALE OFFICER: He had white shirt, right?
MALE OFFICER: White shirt for sure.
MALE OFFICER: I watched him get out of the drivers, and then I watched the other
guy–
MALE OFFICER: Those other guys must have loaded up in the passenger side, I
only caught two of them.
MALE OFFICER: I couldn't see the passenger –inside of the car.

Conversation No.  4

MALE OFFICER: That guy that came out here was front seat passenger.
MALE OFFICER: White shirt.
MALE OFFICER: Red shirt came out–
MALE OFFICER: They both came out the front.

*See* Def.'s Mot. at 3-4.[1]

The Court agrees that the Dearborn police officers' statements are admissible under the present sense impression exception under Rule 803(1). The first officer's statement, as in *Allen,* *supra,* was made via dispatch radio contemporaneously with the officer's observation of the four individuals as they approached the Traverse. In *Allen,* the Sixth Circuit Court of Appeals held that:

> We find nothing objectionable in the District Court's decision to admit this testimony as a present sense impression. Detective Windland was wearing a transmitter and the other officers could hear his statements describing the movements of the defendants and the informant. Detective Manuel testified at trial as to what he heard Windland saying over the transmitter. In terms of Rule 803(1) Windland, the declarant, made statements describing events perceived by him as they were occurring and Manuel, the witness, then testified in court as to what Windland said. Detective Windland's description of the events as they were happening clearly falls within the exception for present sense impressions which are admissible on the ground that the substantial contemporaneity of the event and the statement minimizes any unreliability due to defective recollection or conscious fabrication.

*Allen*, 872 F.2d at *4-5.

The remaining statements also fall within the present sense impression exception because they were made within minutes of the officers removal of the individuals from the Traverse. *See* *Davis*, 577 F.3d at 668 (concluding that a statement communicated anywhere from thirty seconds to one minute after the declarant's observation was made "sufficiently contemporaneous to satisfy the requirements of Rule 803(1)."); *United States v. Blakey*, 607 F.2d 779, 785-80 (7th Cir. 1979) (holding statement made twenty three minutes after it was observed was admissible as a present

---

[1] It is not clear from the record who transcribed these statements.

sense impression), overruled in part on other grounds, *Idaho v. Wright*, 497 U.S. 805 (1990).[2]

In response to Defendant's motion, the Government indicates that it has no objection to the proposed admission of statements made by the Dearborn Police Officers as long as the statements are played in full so the jury is provided the context within which the statements were made. Accordingly, the Court GRANTS Defendant's Motion *in Limine* to Admit Out-of-Court Statements Made by Dearborn Police Officers. The Court will allow the entirety of the officers' statements to be admitted at trial.

### B.    Defendant's Motion *in Limine* to Exclude Irrelevant and Unfairly Prejudicial Evidence from Trial

In this motion, Defendant requests that the Court exclude the following from trial: (1) Defendant's prior conviction for carrying a concealed weapon; (2) Defendant's status as a parolee; and (3) any reference to the fact that the Traverse was reported stolen. The Government has yet to respond to the instant motion.

To obtain a conviction, the Government must persuade the jury beyond a reasonable doubt that Defendant (1) has a prior conviction for a "crime punishable by imprisonment for a term exceeding one year," (2) that he knowingly possessed the firearm specified in the Indictment and (3) that the possession was in or affecting interstate commerce. *See* 18 U.S.C. § 922(g)(1); *United States v. Schreane*, 331 F.3d 548, 550 (6th Cir. 2003).

Defendant has offered to stipulate to the fact that he has a previous conviction for a crime punishable by imprisonment for a term exceeding one year. Thus, Defendant moves to exclude the

---

[2] Because the Court concludes that the statements are admissible as present sense impressions, the Court declines to address Defendant's alternate theory, specifically that the statements are likewise admissible under the excited utterance exception.

name and nature of his prior felony conviction.  Defendant relies on *Old Chief v. United States*, 519 U.S. 172 (1997).  In *Old Chief*, the United States Supreme Court held that the district court must accept a defendant's offer to stipulate to his status as a felon if (1) the name and nature of the prior offense increases the risk of a verdict tainted by improper considerations and (2) the purpose of the evidence is solely to prove the element of prior conviction.  *See Old Chief*, 519 U.S. at 178-92. *Old Chief* highlighted the particular danger to Defendant because his prior weapons offense conviction creates a risk that he will be convicted on a propensity inference alone.  *Old Chief*, 519 U.S. at 185. Therefore, the Court grants Defendant's motion.  The only evidence permitted at trial concerning the first element of the charged offense is the parties' stipulation that the Defendant has been convicted of a crime punishable by more than one year.

Similarly, there is no reason to admit evidence that Defendant was on parole at the time of the offense.  Moreover, the Government has not provided notice pursuant to Rule 404(b) that it intends to use this evidence as "other acts" evidence.  *See United States v. Calhoun*, 544 F.2d 291, 296 (6th Cir. 1976).  The Court agrees with Defendant; whether he was on parole is not probative of whether he possessed the weapon in the Indictment.  Therefore, this evidence is also inadmissible.

Lastly, Defendant also argues the fact he was a passenger in a car later discovered to be stolen is irrelevant to the material elements of the crime charged.  Defendant further maintains there is no permissible purpose for introducing this evidence as "other acts" evidence under Rule 404(b),and even if this evidence is determined to be relevant, the prejudicial impact to Defendant greatly outweighs any probative value.  Notwithstanding Defendant's arguments, the Court concludes that this evidence is admissible for the sole purpose of providing the jury context as to why the officers were monitoring the mall's parking lot.

Based on the foregoing, the Court grants Defendant's request to exclude the name and nature

of his prior felony conviction, as well as his request to exclude evidence that he was on parole at the time of the offense. However, the Court denies Defendant's request to exclude evidence that the car was stolen as the jury will need to know why the officers were conducting surveillance of the Traverse and stopped, held and searched the occupants and the car.

### C.  Defendant's Motion *in Limine* to Exclude Purported Evidence and Jury Instructions Regarding Flight and Improper Character Evidence

In this motion, Defendant argues that the Government appears to intend to introduce evidence aimed at establishing Defendant's consciousness of guilt based on his alleged attempt to flee from the scene of the arrest. Defendant requests that the Court preclude the Government from presenting this information to the jury, as there is no evidence that Defendant ever attempted to flee the vehicle during the incident. As of this date, the Government has not filed a Response to Defendant's motion.

Defendant relies on *United States v. Oliver*, 397 F.3d 369, 376 (6th Cir. 2005), which requires this Court to act as a gatekeeper to ensure the proposed flight evidence has legitimate probative value. *Id.* "The probative value of flight evidence generally 'depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.'" *United States v. Wilson*, 385 F. App'x 497, 501 (6th Cir. July 12, 2010) (quoting *United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir. 1977)). "[A] flight instruction is improper unless the evidence is sufficient to furnish reasonable support for all four of the necessary inferences." *Id.*

Defendant argues that the Government's claim that he attempted to flee is belied by the

-8-

footage provided by the Dearborn Police Department's in-car video.  Defendant never attempted to run from the scene, rather he remained seated during the incident and emerged only when a Dearborn police officer pulled him from the vehicle by his collar.  Therefore, Defendant argues the Government should be precluded from introducing any evidence or suggestion that he attempted to flee because the Government cannot furnish an adequate factual predicate to support its theory of flight.

Defendant further seeks to preclude any reference or evidence concerning stolen goods. When the Traverse was inventoried, Dearborn police officers found a woman's purse with cash still inside.  Defendant argues that the Government should not be permitted to introduce any evidence concerning stolen goods, including the stolen Traverse, because there is no evidence that Defendant ever possessed these items.  *See Pearson v.  United States*, 192 F.2d 681, 692 (6th Cir. 1951) (mere presence and/or proximity to stolen goods does not equate to an intent to exercise control over these items).

Defendant further maintains that the Government has failed to give the requisite notice pursuant to Rule 404(b) concerning its intent to use this evidence as "other acts" evidence to demonstrate motive, opportunity, intent, preparation, or the other delineated purposes for which this evidence may be admitted during trial.  Lastly, Defendant argues that even if the Court finds this evidence is probative as "other acts" evidence, it should nonetheless be excluded from trial because the danger of prejudice to Defendant greatly outweighs any probative value.  *See United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir.  1996).

Based on the foregoing, the Court grants Defendant's Motion *in Limine* to Exclude Purported Evidence and Jury Instructions Regarding Flight and Improper Character Evidence.  Defendant's request with respect to the stolen purse recovered from the Traverse is granted  as there is apparently

-9-

no evidence suggesting Defendant was involved in the theft of this property.   Furthermore, it is irrelevant to the elements of the offense, and its admission is more prejudicial than probative.  As to Defendant's request to preclude evidence of flight.  the Government has failed to file a response, therefore it appears evidence of flight is absent.  Therefore, the Court grants Defendant's motion with respect to evidence of flight.  However, the Court grants this motion without prejudice in the event the Government has some flight evidence that satisfies the admissibility rules and the evidence warrants an instruction.

## IV.    CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion *in Limine* to Admit Out-of-Court Statements [#22],  GRANTS IN PART and DENIES  IN PART Defendant's Motion *in Limine* to Exclude Irrelevant and Unfairly Prejudicial Evidence[#23] and GRANTS Defendant's Motion *in Limine* to Exclude Evidence Regarding Flight and Improper Character Evidence [#33].

SO ORDERED.

Dated: <u>November 14, 2013</u>                              <u>/s/Gershwin A Drain</u>
                                                          GERSHWIN A.  DRAIN
                                                          UNITED STATES DISTRICT JUDGE