UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                                 Case No. 13-cr-20396
                                                             Honorable Gershwin A. Drain

v.

TROY TUTT,

        Defendant.

**AMENDED[1]ORDER GRANTING DEFENDANT'S MOTION *IN LIMINE* TO ADMIT OUT-OF-COURT STATEMENTS [#22], GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE IRRELEVANT AND UNFAIRLY PREJUDICIAL EVIDENCE [#23] AND GRANTING IN PART AND DENYING IN PART WITHOUT PREJUDICE DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE AND JURY INSTRUCTIONS REGARDING FLIGHT [#33]**

    **I.**        **INTRODUCTION**

Defendant, Troy Tutt, is charged in a one count Indictment alleging Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g). Trial in this matter is scheduled to commence on

---

[1] This Order is Amended to address the Government's Response, which was filed after the Court entered its Order resolving Defendant's Motions *in Limine*. The Court notes that the Government's Response addresses two of Defendant's Motions *in Limine*, specifically docket entries number 23 and 33. Accordingly, as to the Government's Response to Defendant's Motion *in Limine* to Exclude Irrelevant and Unfairly Prejudicial Evidence from Trial (#23), its Response is untimely pursuant to this Court's local rules and the Federal Rules of Criminal Procedure. The Government's Response to this motion should have been filed no later than Wednesday, November 13, 2013. *See* E.D. Mich. LcR. 12.1; E.D. Mich. L.R. 7.1(e)(2)(B); Fed. R. Crim. P. 45(a)(1). The Government did not file its Response until November 14, 2013. Further, the Court notes that this matter was originally set for trial on November 12, 2013, however due to an unexpected emergency, the interests of justice required a short adjournment of the trial. Therefore, the Court rescheduled the trial for November 18, 2013. Accordingly, it would appear prudent for the Government to have submitted its written responses prior to November 12, 2013 if it had any objection to Defendant's pending motions. Lastly, the Court instructed its clerk to contact counsel for the Government to ascertain when a Response would be filed as to docket number 23 and the Government's counsel advised this Court's clerk that a Response would be filed by November 7, 2013. Therefore, in the future, the Court requests that the Government timely file its Responses in accordance with the applicable rules unless this Court requests an alternate deadline.

November 18, 2013. Presently before the Court are the following motions: (1) Defendant's Motion *in Limine* to Admit Out-of-Court Statements Made by Dearborn Police Officers, filed on October 28, 2013; (2) Defendant's Motion *in Limine* to Exclude Irrelevant and Unfairly Prejudicial Evidence from Trial, filed on October 29, 2013; and (3) Defendant's Motion *in Limine* to Exclude Purported Evidence and Jury Instructions Regarding Flight and Improper Character Evidence, filed on November 5, 2013.

## II.    FACTUAL BACKGROUND

The Indictment arises from Defendant's arrest on May 11, 2013, at the Fairlane Mall in Dearborn, Michigan. The officers who participated in Defendant's arrest include Timothy McHale, Andrew Ballard, William Anhut, Ahmed Alkubani, Sergio Popescu, and Dave Finazzo. On that day, the officers were investigating the theft of a Chevrolet Traverse from Eastpointe, Michigan when McHale located the vehicle in the mall's parking lot. When four individuals approached the car, McHale ordered assistance from the other officers. The officers converged upon the vehicle and arrested the occupants. During the course of the arrest, the officers made numerous statements, which Defendant seeks to admit at trial.

## III.    LAW & ANALYSIS

Rules 401 and 402 of the Federal Rules of Evidence permit the admission of only relevant evidence. Evidence that is irrelevant is inadmissible. *See* Fed. R. Evid. 402. Evidence is relevant if it has any tendency to make the existence of a material fact more or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Rule 403 allows the admission of relevant evidence when its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. Unfair prejudice results when a piece of evidence "has an undue

tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (citing Committee's Notes on Fed. R. Evid. 403, 28 U.S.C. App., p. 860).

Hearsay is inadmissible unless the statements fall within a recognized exception to the hearsay rules. *See* Fed. R. Evid. 802. Hearsay is defined as a statement that "the declarant does not make while testifying at the current trial or hearing" and the statement is offered "in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c).

The only hearsay exception pertinent to the present matter is the "present sense impression" exception set forth in Rule 803(1) of the Federal Rules of Evidence. A "present sense impression" is "[a] statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." Fed. R. Evid. 803(1); *see also United States v. Davis*, 577 F.3d 660, 668 (6th Cir. 2009) (concluding that the district court properly admitted statements made in a 911 call, which were made "immediately after witnessing the described event[,]" therefore the statements fell within the present sense impression exception); *see also United States v. Allen,* Nos. 88-5581, 88-97, 872 F.2d 1029 (6th Cir. Mar. 30, 1989) (finding that the district court correctly permitted an officer to testify about another officer's statements broadcast through a transmitter to other officers based on the present sense impression exception to the hearsay rule).

Further, Rule 404(b) prohibits the use of improper character evidence:

**(b) Crimes, Wrongs, or Other Acts.**
 **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

Fed. R. Evid. 404(b)(1). However, this type of evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of

mistake, or lack of accident." Fed. R. Evid. 404(b)(2). There is a three-part test this Court must conduct in order to determine whether evidence of other acts is admissible under Rule 404(b). *See United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003). This Court must first "decide whether there is sufficient evidence that the other act in question actually occurred." *Id*. If sufficient evidence exists, then this Court "must decide whether the evidence of the other act is probative of a material issue other than character." *Id.* If the evidence is probative of a material issue other than character, the Court must determine "whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Id.*

In light of the above evidentiary rules, the Court now turns to the Defendant's present motions.

### A. Defendant's Motion *in Limine* to Admit Out-of-Court Statements Made by Dearborn Police Officers Pursuant to the Present Sense Impression and Excited Utterance Exceptions to the Hearsay Rule

Defendant argues that the statements made by the Dearborn police officers are properly admitted under the present sense impression exception to the hearsay rule. These statements include:

> Conversation No. 1
> OPERATOR: 2:52 p.m. 56 seconds, May 11,
> MALE OFFICER: Hey, can I get a description of him, maybe?
> MALE OFFICER: (Inaudible).
> MALE OFFICER: All right, this ride's loading up, two–two young 04 males, stand–stand by, Wally, white shirt and red shirt. All right. All right, roll in, Wally, now, pull towards close.
>
> Conversation No. 2
> MALE OFFICER: Everyone in custody?
> MALE OFFICER: Yep, we got two in custody double-check the car, see – there's one more, there should be three total.
> MALE OFFICER: We got four.
> MALE OFFICER: Four?

    Conversation No. 3
MALE OFFICER: I just want to make sure we got everybody where they were in the car. (Inaudible conversation).
MALE OFFICER: He had white shirt, right?
MALE OFFICER: White shirt for sure.
MALE OFFICER: I watched him get out of the drivers, and then I watched the other guy–
MALE OFFICER: Those other guys must have loaded up in the passenger side, I only caught two of them.
MALE OFFICER: I couldn't see the passenger –inside of the car.

    Conversation No. 4
MALE OFFICER: That guy that came out here was front seat passenger.
MALE OFFICER: White shirt.
MALE OFFICER: Red shirt came out–
MALE OFFICER: They both came out the front.

*See* Def.'s Mot. at 3-4.[2]

The Court agrees that the Dearborn police officers' statements are admissible under the present sense impression exception under Rule 803(1). The first officer's statement, as in *Allen*, *supra*, was made via dispatch radio contemporaneously with the officer's observation of the four individuals as they approached the Traverse. In *Allen*, the Sixth Circuit Court of Appeals held that:

> We find nothing objectionable in the District Court's decision to admit this testimony as a present sense impression. Detective Windland was wearing a transmitter and the other officers could hear his statements describing the movements of the defendants and the informant. Detective Manuel testified at trial as to what he heard Windland saying over the transmitter. In terms of Rule 803(1) Windland, the declarant, made statements describing events perceived by him as they were occurring and Manuel, the witness, then testified in court as to what Windland said. Detective Windland's description of the events as they were happening clearly falls within the exception for present sense impressions which are admissible on the ground that the substantial contemporaneity of the event and the statement minimizes any unreliability due to defective recollection or conscious fabrication.

*Allen*, 872 F.2d at *4-5.

---

[2] It is not clear from the record who transcribed these statements.

The remaining statements also fall within the present sense impression exception because they were made within minutes of the officers removal of the individuals from the Traverse. *See Davis*, 577 F.3d at 668 (concluding that a statement communicated anywhere from thirty seconds to one minute after the declarant's observation was made "sufficiently contemporaneous to satisfy the requirements of Rule 803(1)."); *United States v. Blakey*, 607 F.2d 779, 785-80 (7th Cir. 1979) (holding statement made twenty three minutes after it was observed was admissible as a present sense impression), overruled in part on other grounds, *Idaho v. Wright*, 497 U.S. 805 (1990).[3]

In response to Defendant's motion, the Government indicates that it has no objection to the proposed admission of statements made by the Dearborn Police Officers as long as the statements are played in full so the jury is provided the context within which the statements were made. Accordingly, the Court GRANTS Defendant's Motion *in Limine* to Admit Out-of-Court Statements Made by Dearborn Police Officers. The Court will allow the entirety of the officers' statements to be admitted at trial.

### B. Defendant's Motion *in Limine* to Exclude Irrelevant and Unfairly Prejudicial Evidence from Trial

In this motion, Defendant requests that the Court exclude the following from trial: (1) Defendant's prior conviction for carrying a concealed weapon; (2) Defendant's status as a parolee; and (3) any reference to the fact that the Traverse was reported stolen. The Government filed its Response to the instant motion on November 14, 2013, and the Defendant filed his Reply Brief later that same day.

---

[3] Because the Court concludes that the statements are admissible as present sense impressions, the Court declines to address Defendant's alternate theory, specifically that the statements are likewise admissible under the excited utterance exception.

z

To obtain a conviction, the Government must persuade the jury beyond a reasonable doubt that Defendant (1) has a prior conviction for a "crime punishable by imprisonment for a term exceeding one year," (2) that he knowingly possessed the firearm specified in the Indictment and (3) that the possession was in or affecting interstate commerce. *See* 18 U.S.C. § 922(g)(1); *United States v. Schreane*, 331 F.3d 548, 550 (6th Cir. 2003).

Defendant has offered to stipulate to the fact that he has a previous conviction for a crime punishable by imprisonment for a term exceeding one year. Thus, Defendant moves to exclude the name and nature of his prior felony conviction. Defendant relies on *Old Chief v. United States*, 519 U.S. 172 (1997). In *Old Chief*, the United States Supreme Court held that the district court must accept a defendant's offer to stipulate to his status as a felon if (1) the name and nature of the prior offense increases the risk of a verdict tainted by improper considerations and (2) the purpose of the evidence is solely to prove the element of prior conviction. *See Old Chief,* 519 U.S. at 178-92. *Old Chief* highlighted the particular danger to Defendant because his prior weapons offense conviction creates a risk that he will be convicted on a propensity inference alone. *Old Chief*, 519 U.S. at 185. Therefore, the Court grants Defendant's motion. The only evidence permitted at trial concerning the first element of the charged offense is the parties' stipulation that the Defendant has been convicted of a crime punishable by more than one year.

Similarly, there is no reason to admit evidence that Defendant was on parole at the time of the offense. Moreover, the Government has not provided notice pursuant to Rule 404(b) that it intends to use this evidence as "other acts" evidence. *See United States v. Calhoun*, 544 F.2d 291, 296 (6th Cir. 1976). The Court agrees with Defendant; whether he was on parole is not probative of whether he possessed the weapon in the Indictment. Therefore, this evidence is also inadmissible.

Lastly, Defendant also argues the fact he was a passenger in a car later discovered to be

-7-

stolen is irrelevant to the material elements of the crime charged. Defendant further maintains there is no permissible purpose for introducing this evidence as "other acts" evidence under Rule 404(b),and even if this evidence is determined to be relevant, the prejudicial impact to Defendant greatly outweighs any probative value. Notwithstanding Defendant's arguments, the Court concludes that this evidence is admissible for the sole purpose of providing the jury context as to why the officers were monitoring the mall's parking lot.

In response to Defendant's present motion, the Government agrees with the Court's conclusions concerning admission of Defendant's prior felony weapons offense, his status as a parolee, and evidence that the car was stolen. However, the Government further argues that evidence the firearm was stolen is admissible.

As to the Government's request to admit evidence that the firearm was stolen, the Court will reserve its decision until the Government has an opportunity to establish at trial through witness testimony or otherwise, that Defendant in fact committed the theft of the firearm. Rule 404(b) permits the Government to introduce "other acts" evidence such as evidence of possession of a stolen gun in order to show state of mind and knowledge. *See United States v. Clay*, 667 F.3d 689, 695 (6th Cir. 2012).

In order for this evidence to be admissible, the Court must first "decide whether there is sufficient evidence that the other act in question actually occurred." *Jenkins*, 345 F.3d at 937. If sufficient evidence exists, then this Court "must decide whether the evidence of the other act is probative of a material issue other than character." *Id.* If the evidence is probative of a material issue other than character, the Court must determine "whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect." *Id.*

Here, the Court cannot determine whether the requirements for admission have been met

under Rule 404(b) because, based on Defendant's Reply Brief, the Government does not have sufficient evidence establishing that Defendant committed the bad act of stealing the firearm. For instance, in *United States v. Jackson*, the Tenth Circuit Court of Appeals determined that the district court did not err in admitting evidence that the firearm was stolen:

> [T]he record indicates the government only used evidence of the guns' provenance to demonstrate Jackson's knowledge of the weapons' existence. Specifically, the government introduced evidence that the weapons were stolen from a man named Daniel Carnow and that Jackson possessed other property that was stolen from Carnow. Because the government sufficiently connected Jackson to the other property belonging to Carnow, the district court did not abuse its discretion in admitting the evidence for the purpose of establishing Jackson's knowledge of the guns' presence in the backpack.

379 F. App'x 786, 787-88 (10th Cir. May 26, 2010). Here, the Court cannot determine whether the first element under Rule 404(b)'s test for admission has been met. However, if the Government is able to present sufficient evidence, then the admission of evidence that the firearm was stolen is probative of a material issue other than character, such as Defendant's intent. It further appears that the probative nature of the evidence outweighs its potential prejudicial effect.

Based on the foregoing, the Court grants Defendant's request to exclude the name and nature of his prior felony conviction, as well as his request to exclude evidence that he was on parole at the time of the offense. However, the Court denies Defendant's request to exclude evidence that the car was stolen as the jury will need to know why the officers were conducting surveillance of the Traverse and stopped, held and searched the occupants and the car. Lastly, the Court reserves ruling on the issue of admission of evidence that the gun was stolen until the Government has an opportunity to demonstrate that the first element under Rule 404(b)'s test has been met.

      **C.**    **Defendant's Motion *in Limine* to Exclude Purported Evidence and Jury Instructions Regarding Flight and Improper Character Evidence**

In this motion, Defendant argues that the Government intends to introduce evidence aimed

at establishing Defendant's consciousness of guilt based on his alleged attempt to flee from the scene of the arrest. Defendant requests that the Court preclude the Government from presenting this information to the jury, as there is no evidence that Defendant ever attempted to flee the vehicle during the incident. The Government filed its Response on November 14, 2013, and the Defendant filed his Reply Brief later that same day.

Defendant relies on *United States v. Oliver*, 397 F.3d 369, 376 (6th Cir. 2005), which requires this Court to act as a gatekeeper to ensure the proposed flight evidence has legitimate probative value. *Id.* "The probative value of flight evidence generally 'depends upon the degree of confidence with which four inferences can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.'" *United States v. Wilson*, 385 F. App'x 497, 501 (6th Cir. July 12, 2010) (quoting *United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir. 1977)). "[A] flight instruction is improper unless the evidence is sufficient to furnish reasonable support for all four of the necessary inferences." *Id*.

Defendant argues that the Government's claim that he attempted to flee is belied by the footage provided by the Dearborn Police Department's in-car video. Defendant never attempted to run from the scene, rather he remained seated during the incident and emerged only when a Dearborn police officer pulled him from the vehicle by his collar. Therefore, Defendant argues the Government should be precluded from introducing any evidence or suggestion that he attempted to flee because the Government cannot furnish an adequate factual predicate to support its theory of flight.

Defendant further seeks to preclude any reference or evidence concerning stolen goods.

When the Traverse was inventoried, Dearborn police officers found a woman's purse with cash still inside. Defendant argues that the Government should not be permitted to introduce any evidence concerning stolen goods, including the stolen Traverse, because there is no evidence that Defendant ever possessed these items. *See Pearson v. United States*, 192 F.2d 681, 692 (6th Cir. 1951) (mere presence and/or proximity to stolen goods does not equate to an intent to exercise control over these items).

Defendant further maintains that the Government has failed to give the requisite notice pursuant to Rule 404(b) concerning its intent to use this evidence as "other acts" evidence to demonstrate motive, opportunity, intent, preparation, or the other delineated purposes for which this evidence may be admitted during trial. Lastly, Defendant argues that even if the Court finds this evidence is probative as "other acts" evidence, it should nonetheless be excluded from trial because the danger of prejudice to Defendant greatly outweighs any probative value. *See United States v. Merriweather*, 78 F.3d 1070, 1077 (6th Cir. 1996).

In response, the Government argues that Defendant and his co-conspirators attempted to flee on foot and by car. However, the Government agrees that Defendant was not the driver of the Traverse. Further, it appears there is other evidence suggesting that Defendant did not in fact attempt to flee on foot.

Based on the foregoing, the Court grants in part and denies without prejudice in part Defendant's Motion *in Limine* to Exclude Purported Evidence and Jury Instructions Regarding Flight and Improper Character Evidence. Defendant's request with respect to the stolen purse recovered from the Traverse is granted as there is apparently no evidence suggesting Defendant was involved in the theft of this property. Furthermore, it is irrelevant to the elements of the offense, and its admission is more prejudicial than probative. As to Defendant's request to preclude evidence

of flight, it appears there is evidence of his co-conspirators attempt to flee and there may be evidence of Defendant's similar attempt to flee the scene. Therefore, the Court denies Defendant's motion with respect to evidence of flight. However, the Court denies this aspect of Defendant's present motion without prejudice and will permit evidence of Defendant's co-conspirators flight as the jury will need context to understand the officers' response at the scene. Further, if the Government is able to produce sufficient evidence of Defendant's flight and it warrants an instruction, the Court will likewise instruct the jury on flight and permit the Government to argue that Defendant attempted to flee the scene.

### IV.     CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion *in Limine* to Admit Out-of-Court Statements [#22], GRANTS IN PART and DENIES IN PART Defendant's Motion *in Limine* to Exclude Irrelevant and Unfairly Prejudicial Evidence[#23] and GRANTS IN PART and DENIES IN PART WITHOUT PREJUDICE Defendant's Motion *in Limine* to Exclude Evidence Regarding Flight and Improper Character Evidence [#33].

SO ORDERED.

Dated: November 15, 2013                                /s/Gershwin A Drain
                                                                            GERSHWIN A. DRAIN
                                                                            UNITED STATES DISTRICT JUDGE